**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 18, 2012

No. 11-50657
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CARLOS MARTINEZ-FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-42-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Martinez-Flores (Martinez) appeals the 52-month sentence imposed following his guilty plea conviction for illegal reentry into the United States after deportation, in violation of 13 U.S.C. § 1326. Martinez argues that his within-guidelines sentence is substantively unreasonable because it is greater than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a). He contends that the applicable guidelines sentencing range greatly overstates the seriousness of his illegal reentry offense because the illegal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reentry guideline under which he was sentenced, U.S.S.G. § 2L1.2, lacks an empirical basis and because his prior conviction for a crime of violence increased both his offense level and his criminal history score. He further argues that his illegal reentry offense was mitigated by his personal characteristics and history and that those factors were not adequately taken into account by the Sentencing Guidelines or the district court.

Martinez did not object to his sentence as substantively unreasonable in the district court. Rather, his sole objection was whether the 16-level enhancement should be applied based on his prior conviction for aggravated kidnaping. Accordingly, review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *see also United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007) (requiring objection to substantive unreasonableness of sentence to preserve error). Although Martinez argues that no objection to the reasonableness of his sentence was required, he raises the argument solely to preserve it for further review in light of the current split among the courts of appeals.

Martinez also argues that a presumption of reasonableness should not be applied to his within-guidelines sentence because § 2L1.2 is not empirically based. He concedes that this argument is foreclosed, *see United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009), but he raises the issue to preserve it for further review.

We previously have rejected the argument, which Martinez now makes on appeal, that § 2L1.2's purported empirical flaws and double-counting of previous convictions necessarily render a sentence unreasonable. *See id.* We reasoned that courts need not undertake "a piece-by-piece analysis of the empirical grounding behind each part of the sentencing guidelines." *Id.* at 530. Although a district court has the discretion to consider such a policy-based argument in making its determination, it is not required to do so. *See id.* at 530-31.

No. 11-50657

In addition, the record reflects that the district court heard the same mitigation arguments Martinez raises in his brief in this court and implicitly considered those arguments in determining Martinez's sentence. The district court expressly noted that it took into account "the allocution of the parties," Martinez's history and characteristics, the need for the sentence to deter Martinez from committing further crimes, and the need for the sentence to protect the public.

Martinez's "disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to [his] within-guidelines sentence." *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Martinez has failed to show that his sentence either failed to account for a factor that should have received significant weight or represented a clear error of judgment in balancing the sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.